WILDER and HASTINGS, *qui tam*, &c. *against* WINNE and I. FONDEY.

If a judgment be valid in its connection, i. e. *bona fide*, and upon sufficient consideration, though execution be taken out and enforced with a view to delay and hinder creditors, and it have that effect, yet it is not fraudulent within the statute for the prevention of frauds, (*sess.* 10, *ch.* 44, 1 *R. L.* 76,) and the plaintiff is not, therefore, liable to the penalty imposed by the 4th section of that statute, (1 *R. L.* 76, 7.)

It is lawful for a debtor in failing circumstances, to prefer one creditor to another, or to prefer one set of creditors, by confessing a judgment, &c. or otherwise.

DEBT, for the penalty of $12,000, upon the *4th* section of the statute for the prevention of frauds, (*sess.* 10, *ch.* 44, 1 *R. L.* 76,) tried at the *Albany* circuit, in *September*, 1825, before DUER, C. Judge.

The declaration stated, that the plaintiffs sued one *Stephen Fondey*, for a debt due to them, on the 15*th* day of *October*, 1823, in this court; and at *February* term, 1824, obtained judgment for $542,97. That at the time of commencing the suit, and until the 3*d* of *February*, 1824, *S. Fondey* possessed and owned divers goods and chattels of different kinds, specifying them, at *Geneva*, of the value of $6,000, which were liable to the plaintiffs' execution.

But that in the previous term of *October*, 1823, the defendants entered up a judgment, by confession, in this court, against *S. Fondey*, for $12,014 45, debt and costs.

The first count then charged that this last judgmten was devised, &c. between the parties, of fraud, &c. to delay, hinder and defraud the plaintiffs of their action, demand and damages, &c. ; and that the defendants, on the *3d* of *January*, 1824, &c. put in use the judgment, as true and simple, &c.

The second count was the same in substance, with the addition, that the defendants, on the *1st* of *November*, 1823, sued out a *test. fi. fa.* on their judgment, endorsed for $6017, 48, with interest, &c. ; that on the *23d* of *January*, 1824, the sheriff seized the goods of *S. Fondey*, and sold them at auction ; and that this execution was devised and contrived, &c. and put in use, &c. (*as before of the judgment.*)

The judgments, the execution and levy, as set forth in the declaration, were proved on the trial ; and it appeared that the defendants' execution, having a preference over one issued on the plaintiffs' judgment, the latter was returned *nulla bona.* It also appeared that the defendants' judgment was entered after *S. Fondey* had become insolvent.

The evidence was very satisfactory that the judgment of the defendants was *bona fide ;* and that no part of it was paid when the execution issued.

It farther appeared, that the sale of *S. Fondey's* goods, on the execution, which was made at *Geneva*, (*Ontario* county,) *January 30th*, 1824, amounted to about $980 ; the property being chiefly bid in for the defendants. That after this sale, the defendants, by a re-sale of the goods, and otherwise, received enough and more than enough of *S. Fondey*, to satisfy their judgment ; while the other creditors of *S. Fondey* got nothing. That the goods purchased in by the defendants at *Geneva*, were sent to *Albany ;* and on a re-sale at auction, brought $1573,45. That a small part of the defendants' judgment was to secure future advances.

UTICA,
Aug. 1826.

Wilder
v.
Winne.

Various circumstances were given in evidence as to the manner in which the sale was conducted, and how the defendants afterwards obtained satisfaction of their judgment, which it is not material to state, as the decision of the cause here turned on the charge of the judge.

He recapitulated the evidence to the jury, and charged strongly in favor of the *bona fides* of the defendants' judgment. He told the jury that the object of the statute was to punish frauds, committed to delay and hinder creditors' recovering their just debts, and that such fraud might have been committed by a fraudulent use of the defendants' judgment against *S. Fondey*, to delay and hinder creditors, &c. admitting the judgment was legal. Hence, the intent of the defendants in enforcing their judgment, was a material question to be decided by the jury ; for their liability depended on the fact of their being actuated by a fraudulent intent. This was required to be satisfactorily made out, before the defendants could be charged with the heavy penalty demanded of them. That if the jury thought there was room for a reasonable doubt whether the defendants intended to commit a fraud against the creditors of *S. Fondey*, they ought to find a verdict in their favor ; but if they were satisfied that the defendants did intend to commit such fraud, they should find for the plaintiffs.

The jury found for the plaintiffs.

*A. Van Vechten*, for the defendants, now moved for a new trial, on the ground (among others) that the judge mis-directed the jury.

*S. A. Foot*, contra.

*Curia*, per SAVAGE, Ch. Justice. It is contended that the judge erred in stating to the jury, that the defendants could commit a fraud upon the creditors of *S. Fondey*, although their judgment was legal ; and that the statute is applicable to those bonds, judgments, &c. only, which were fraudulent in their original concoction.

I cannot find any adjudged case in this court, where the subject in question has been considered or decided. The

English statute of 13 *Eliz. ch.* 5, is substantially like ours. That act was passed for the avoiding of feigned, covinous, and fraudulent feoffments, gifts, grants, alienations, conveyances, bonds, suits, judgments and executions, devised to the intent to hinder, delay or defraud creditors and others of their just and lawful actions ; and enacts that all and every feoffment, &c. and every bond, suit, judgment and execution, for any intent or purpose before declared, shall be utterly void. It also, like our statute, gives an action *qui tam.* The same principles must, of course, be applicable to both statutes.

The case of *Holbird* v. *Anderson*, (5 *T. R.* 235,) was not an action for a penalty, but it involved the inquiry as to what acts are void as being fraudulent within the 13 *Eliz.* The facts were, that one *Shepherd* had a judgment against *Charter*, who was also indebted to *Holbird*, the plaintiff. *Charter*, knowing that execution was about to issue on *Shepherd's* judgment, confessed a judgment to the plaintiff, on which execution was delivered to the sheriff, two hours before *Shepherd's*. The sheriff levied upon *Shepherd's* execution, and returned the plaintiff's *nulla bona ;* upon which he brought an action for a false return. It was contended for the defendant, that the warrant of attorney to confess judgment was void by the statute ; being with intent to hinder or delay *Shepherd's* execution. Lord *Kenyon* said, there was no fraud in the case. The plaintiff was preferred by his debtor, not to benefit the latter, but to secure the payment of a just debt, in which he could see no illegality or injustice. The warrant of attorney, he adds, was given upon good consideration ; and the words *bona fide*, in the act, only apply to cases where possession is not delivered, or where it is merely colorable. *Buller*, J. alluded to the case of executors, who confess judgments to some creditors, after suits against them by others, and which judgments cover all the assets.

It is perfectly well settled in this state, as it is also in *England*, in cases not coming within the bankrupt acts of that country, that a debtor, in failing circumstances, may prefer one creditor or set of creditors ; and this may be

done by assignment, judgment, or otherwise ; and such assignment or judgment is not fraudulent, unless it be intended, in whole or in part, for the future benefit of the debtor. (5 *T. R.* 235, 424, 530. 8 *id.* 528. 2 *John. Ch. Rep.* 306, 7. 3 *id.* 446, 453.) In the late case of *Mackie & Cairns*, (5 *Cowen*, 547,) in the court for the correction of errors, this doctrine was fully considered and recognized. The authorities cited from the *English Term Reports* and *Johnson's Chancery Reports*, also shew that a security to indemnify for future advances is valid.

If, therefore, the fact be admitted, that the bond on which the judgment of the defendants was entered, was executed as a collateral security for goods, for liabilities, and for contemplated future advances, surely it was free from any suspicion of fraud. The judgment was entered after the failure of *S. Fondey* was known ; and the execution was issued purposely to obtain payment in preference to other creditors. Undoubtedly it had the effect to delay or hinder the plaintiffs in the collection of their demand. Every assignment or preference given by a failing debtor, has that effect as to the creditors who are not preferred.

It then becomes necessary to enquire whether the issuing of an execution upon a valid judgment, done to defeat other creditors, renders the plaintiffs in the judgment liable to the penalty in the 4*th* section of the statute for the prevention of frauds. The case of *Meux, qui tam*, v. *Howell*, (4 *East*, 1,) is full to this point. That was an action on the statute, (13 *Eliz. ch.* 5, *s.* 3,) from which our 4*th* section, (1 *R. L.* 76,) was in substance taken. Many of the expressions are precisely the same in both. The declaration charged the defendants with putting in use a fraudulent judgment against *J. Norton*, the plaintiffs being his creditors, *contra formam statuti.* The plaintiffs were landlords of *Norton*, and had distrained for rent. They had also an account against him for beer. The defendants, being also his creditors, sued him, and he was surrendered by his bail. They finally took from him a judgment for the benefit of all the creditors. Execution

was issued, and *Norton's* goods sold. A tender was made to the plaintiffs as for their rent; but they would not receive it, being less than the rent distrained for. The question upon the argument was, whether the judgment against *Norton* was not, under these circumstances, fraudulent within the statute. Lord *Ellenborough* said, "it is not every feoffment, judgment, &c. which will have the effect of delaying or hindering creditors of their debts, that is, therefore, fraudulent within the statute; for such is the effect, *pro tanto*, of every assignment that can be made by any one who has creditors. Every assignment of a man's property, however good and honest the consideration, must diminish the fund out of which satisfaction is to be made to his creditors. But the feoffment, judgment, &c. must be devised of malice, fraud, &c." In conclusion, he said, "unless we were to go the length of saying, that every assignment to a creditor is fraudulent as to the rest of his creditors, and prohibited to be made, this was not fraudulent. It has none of the qualities of fraud within the act, which was meant to prevent deeds, &c. fraudulent in their concoction, and not merely such as in their effect might delay or hinder other creditors." *Grose*, J. remarked, if the judgment be given *bona fide*, and upon good consideration, it is not within the act.

In that case, it was admitted that the distress was not affected by the execution, and Lord *Ellenborough* observed, that, as to the plaintiffs' book debt, they had taken no inchoate steps to recover it. In that respect, the case now before the court, differs from *Meux, q. t.* v. *Howell.* So far, the claim of *Meux* was weaker than that of the present plaintiffs. But, in this very particular, the case of *Holbird* v. *Anderson*, was much stronger with the plaintiff than the present.

After a full examination of this case, I am satisfied of the correctness of the general proposition, that if a judgment, &c. be *bona fide* in its concoction, and upon good consideration, it is not within the act for the prevention of frauds.

We are not called upon to say what remedy the plaintiffs may have against the defendants, for the property or

UTICA,
Aug. 1826.

Wilder
v.
Winne.

UTICA,
Aug. 1826.

money in their hands belonging to *S. Fondey.* It is suffi-cient for us to say, that, in our opinion, the defendants are not liable in this action, if the judgment was *bona fide*, and upon good consideration. If the facts stated in the case be undisputed ; that it was given to secure a debt due to the defendants, and to indemnify them against their advan-ces and liabilities, the judgment was not fraudulent. There are good and legal considerations to support it.

I may be allowed to express my regret, with the late chancellor *Kent,* that such preferences are allowed to fail-ing debtors ; but the law is too well settled to be altered by any thing but legislative enactment.

In my opinion it was incorrect, to leave to the jury to decide upon the intent with which the execution was is-sued. It must necessarily have been to delay the plain-tiffs ; the property not being sufficient to pay both.

A new trial should, therefore, be granted, with costs to abide the event.

New trial granted.