Doe, ex dem. Morton *vs.* William R. Jackson.

Although a witness may be interested in the event of a suit, yet he is competent when his interest is adverse to the party calling him.

In an action of ejectment, the grantor in the deed under which the lessor of the plaintiff claims, is a competent witness for the defendant in the ejectment, to show what was meant by a descriptive word in the deed, or to explain any doubt or ambiguity connected with the description of the boundary.

Wherever there is a doubt as to the subject matter on which a deed is to operate, *parol* evidence is admissible to explain and remove the doubt.

R. granted a tract of land adjoining the town of Manchester, and in the deed, in part, described it " as being designated more particularly on the map of said town as swamp land,"—held, that there being no land designated on the map as swamp land, it was competent to show by *parol* testimony what was intended by the phrase " swamp land."

This cause is brought by writ of error from the circuit court of Yazoo county.

The action was in ejectment; there were two demises laid in the declaration; the first from Alexander H. Morton, and the second from Hiram G. Runnels, Isaac Caldwell, and William Ward, administrators of the estate of Benjamin Johnson, deceased. The land is described in the declaration as " a certain messuage and tract of land lying in the State of Mississippi, on the Yazoo river, in the county of Yazoo, above the lots and commons of the town of Manchester, as designated on the map thereof, and being the remainder of the tract of land on which said town was laid out, exclusive of lots, commons, streets, &c., being designated more particularly on the map of said town as ' swamp land,' and a tract which is not numbered supposed to contain about one hundred acres more or less, bounded by the Yazoo river on the one side, by the lots, commons and streets of said town on the other side, extending up the river to the lines of the original survey of said tract of land."

Jackson was made defendant, and plead not guilty.

The case was tried and the jury found for the defendant.

During the progress of the trial, and after the various deeds and maps had been read to the jury, by virtue of which the plaintiff and defendant respectively claimed title to the property in controversy, (and which it is not deemed necessary to set out, as the opinion of the court is not based upon them,) the defendant introduced Hiram G. Runnels, one of the grantors in the deeds through which both the plaintiff and defendant claimed, and asked him " by what name the ground lying between the town and the river, (part of which is sued for in this action,) was known at the date of the deed to the lessor of the plaintiffs?" to which question Runnels responded, that it was known as the "commons of the town of Manchester." The plaintiff objected to Runnels giving testimony in the cause, or responding to the query put by the defendant; the court below overruled both objections, and the plaintiff excepted. The defendant further interrogated Runnels: "What land he and the other grantors in the deed to Morton, the lessor of the plaintiff, at the time of executing said deed, meant or referred to by the word 'commons' as used in the deed?" The plaintiff objected to Runnels answering this question, but the objection was overruled, and Runnels responded, " that by the word 'commons' as used in the deed spoken of, he and the other grantors in the deed meant and referred to the aforesaid land lying between the said town and the river, which appeared on the face of said map as a blank space of open ground, and on which the lot in controversy is situated, and which was then generally known and called as the commons of the town of Manchester, there being no other piece of ground whatever known by that name at that time."

Runnels also proved other facts with reference to the case, which were all objected to, but which are not stated at length, as they were not relied upon for reversing the judgment of the court below.

*Battaile,* for plaintiff in error.

*George S. Yerger*, for defendant in error.

This was an action of ejectment, brought by the plaintiff in error, to recover a lot in the town of Machester.

The question involved, is merely one of boundary. The plaintiff in error claims under a deed made by the commissioners of the town of Manchester, and the inquiry is, whether the lot in question is embraced in the deed? The deed conveys the property mentioned in it, as follows: " A certain piece or parcel of land, situate, lying and being in the State of Mississippi, on the Yazoo river, in the county of Yazoo, above the lots and commons of the town of Manchester, as designated on the map thereof, and being the remainder of the tract of land on which said town was laid off, exclusive of lots, commons, streets, &c., being designated more particularly on the map of said town, as swamp land; and a tract which is not numbered, supposed to contain about one hundred acres, more or less, bounded by the Yazoo river on one side, by the lots, commons, and streets of said town on the other side, extending up the river to the lines of the original survey of said tract of land."

The map of the town of Manchester, was given in evidence, and on it, the lots, lanes, alleys, grave yard, and streets, are laid off, and designated particularly; but the piece or parcel of land lying between the corner of the town and river, (and which is the land in dispute,) was not designated on said map, as " commons, or swamp land;" but appeared on the face of said map, as a blank space of open ground.

Governor Runnels testified, that ground lying between the town and river, (part of which is sued for in this action) was known, at the date of the aforesaid deed, and was called " the commons, or the commons of the town of Manchester." He further stated that he and the other grantees, in the deed, in using the word " commons," in said deed, meant and referred to the aforesaid land lying between the river and the town which appears on the map as a blank space, which was then generally known and called, " the commons of the town of Manchester," and that there was no other piece of ground whatever, known by

that name.   He also proved that the map exhibited at the trial, was the true map of the town of Manchester.

The above testimony was objected to by the plaintiff, but the objection overruled, and the jury having returned a verdict for the defendant, a new trial was moved for, and refused, and the cause brought to this court.

The only error complained of is, that said evidence was inadmissible.

1. I know of no rule of law, which would exclude the above testimony.

It may be remarked that by " commons" of a town, is meant waste ground adjoining a town, and dedicated, generally, to the common use of the town.   6 Peters' Rep. (Cincinnati case.)

The deed says, " the land conveyed, lies above the lots and commons of the town of Manchester, as designated on the map thereof;" and again, that they convey all of the said tract owned by them, " exclusive of lots, commons, streets," &c., being more particularly designated on said map, as swamp land.   And, again, the land conveyed, is bounded by the lots, " commons," and streets of said town, &c. &c.

These calls clearly exclude the town lots, the streets, alleys, and " commons," of the town of Manchester.

In writing the deed, the commissioners probably had not the map before them; they supposed the " commons," or swamp grounds, as wells as the lots, was designated on the map, by name.   In this they were mistaken.   The ground in controversy is not designated on the map by any name, but there is a blank or open space.

This supposed mistake, it is contended, renders the evidence of Runnels, who proves that the ground was the commons of the town of Manchester, inadmissible.

Parol proof of the land conveyed, or surveyed, is always admissible.   Suppose a deed conveys all the land except " George's manor," or to be bounded by " George's manor," evidence that the words " George's manor," applied to a· piece of land known by that name, is clearly admissible.   It is, in fact, the only way the land can be properly identified.   So a call for " George's

line," or bounded by George's line, it may be proved, meant a line known and called George's line, or reputed as George's line. 1 Hawks' Rep. 45.   4 Haywood's Rep. 162.

Here the evidence of Runnels was, that the " commons of the town of Manchester," meant a piece of ground known, designated, and called by that name, and which land he designated and pointed out.

2. The identical line, or boundary, or monument, intended and described, is always the subject of parol proof, (1 N. Hamp. Rep. 373,) and so of collateral facts; as the situation of the premises.   *Baker* v. *Sanderson*, 3 Pick. 348.

This evidence is merely to identify and point out the land intended to be conveyed.   The land actually surveyed or marked, or designated by whatever name it may be known, is the subject of parol proof, although there is a mistake in some particulars of the description—as where the line is described to run north, when it actually runs south.   *Person* v. *Roundtree*, 1 Hay. Rep.   3 Howard's Rep. 389.   3 Call's Rep. 238.

3. If this call then had been simply to be bounded by the " commons of the town of Manchester," or if the " commons of the town of Manchester" was excluded from the operation of the deed, it is clear beyond dispute that parol evidence would, and indeed would be obliged to be received, to prove that these words, " commons of the town of Manchester," meant a piece of land known by that name, or a piece of land dedicated to public use.

4. But it is said that the deed says, the " commons of the town of Manchester, as designated on the map of the town," and that when the map is produced, there is no such designation, and that, therefore, parol evidence will not be permitted to show the " commons," &c., as it contradicts the deed.

This is a mistake.   It does not contradict the deed.   If the map, which is referred to in the deed, is to be considered a part of it, and it had on its face, a piece of land, " designated as commons of the town of Manchester," and we attempted to prove that the land in controversy, was different from that designated on the map, there might be some ground for the argu-

ment; but even then, the mistake in questions of boundary might be shown. But here, there is no commons, designated, or marked on the map at all. It is, therefore, clear and evident, that the recital in the deed, that the " commons of the town of Manchester," as designated on the map, is to be excluded from the operation of the deed. The words as designated on the map, supposing that they applied to the " commons" as well as the lots, was a mistake, because the map shows that the commons was not laid down on it. Will such a mistake destroy the deed ? unquestionably not.

The rule in such case is, that the words " as designated on the map," will be surplusage, or will be made to apply only to the lots and streets, &c. In 7 Johns. Rep. 217, *Jackson* v. *Rodgers*, it is decided, that if in the description, there are particulars sufficiently ascertained, to designate the thing intended to be granted, the addition of circumstances, " false or mistaken, will not frustrate the deed," as if the words—" with the dwelling house thereon," be inserted in the description, when in fact there was no dwelling house on the land, it is merely a false circumstance, which does not control the rest of the description.

In *Jackson* v. *Marsh*, 6 Cowen, 281, it is decided, " If there are certain particulars sufficiently ascertained, in the description of a patent or deed, which designate the thing intended to be granted, the addition of the circumstances, false or mistaken, will be immaterial." S. P. 18 Johns. Rep. 81. 19 Johns. Rep. 449. S. P. 1 Wendel's Rep. 283.

So where a testator gave " all his back lands to A," parol evidence was admissible to show, that certain lands owned by the testator, were called and known in the family, and by the neighbors as " back lands." 22 Wendel's Rep. 148.

In the most accurate description of lands, parol evidence is always admissible to apply it to its subject matter. Ib. 150.

Or in other words, parol evidence is always admissible to give effect to a written instrument, by applying it to its subject matter. 13 Peters, 97. 3 Starkie, 1021. Or to show whether the thing claimed is parcel or not of what is conveyed. Ib. 4 Dev. Rep. 265.

The above authorities settle the question, as I think.

Mr. Justice CLAYTON delivered the opinion of the court.

This was an ejectment brought to recover a lot of ground within, or adjoining the town of Manchester. The plaintiff relied upon a deed from Hiram G. Runnels and others, the original proprietors of the town, in which the property conveyed in said deed was thus described: " A certain piece or parcel of land, situate on the Yazoo river, in Yazoo county, above the lots and commons of the town of Manchester, as designated on the map thereof, and being the remainder of the tract of land on which said town was laid out, exclusive of lots, commons, streets, &c., being designated more particularly on the map of said town, as swamp land, and a tract not numbered, supposed to contain about one hundred acres, more or less, bounded by the Yazoo river on one side, by the lots, commons and streets of said town on the other side, extending up the river to the lines of the original survey of said tract of land." The map of the town was introduced and read in the evidence, by which it was shown, that in point of fact there was no land upon it designated as swamp land.

The defendant then offered Hiram G. Runnels, one of the grantors in the deed to plaintiff, as a witness, and asked him " by what name the ground lying between the town and the river (part of which was the subject of the suit) was known, at the time of the execution of the deed to the plaintiff?" The plaintiff objected to the question, and to the introduction of Runnels as a witness at all; but the court overruled the objection, and directed the witness to answer the question.

A verdict was found for the defendant, and the case brought by writ of error to this court.

Two objections are here urged against the admission of this testimony.

1. That as the grantor in the deed, the witness was incompetent upon the ground of interest.   And

. 2. That parol evidence was inadmissible to vary or explain the terms of the deed.

It is important to consider, when an objection is made to a witness upon the ground of interest, in whose behalf he is called.

Although he may be interested in the event of the suit, yet he is competent when his interest is adverse to. the party calling him. 1 Johns. Rep. 149. 2 Ser. & Raw. 415. 3 Vern. 104. 2 Phil. Ev. by Cow. & Hill, 81. In this instance Runnels was called by the party claiming in opposition to his deed to the lessor of the plaintiff; his interest was therefore adverse to the party who introduced him. If his grantee was defeated, he would be liable upon his covenant of warranty to him; but if his grantee recovered, it does not appear that he would be liable in any way to Jackson. But even if he would, his interest would be balanced between them; and in either of these aspects he was competent.

The other point is equally clear upon the authorities. The testimony in such instances is not introduced to explain, or limit, or vary the deed—but to point out the subject matter on which it is to operate.

The rule is thus laid down by the supreme court of the United States: "Whenever there is a doubt as to the extent of the subject derived by will, or demised, or sold, it is matter of extrinsic evidence, to show what is intended to be included under the description as parcel of it." 13 Peters, 97, *Bradby* v. *Washington Steamboat Company.* In 22 Wend. 150, the court says: "You must, in the most accurate description, go out of the instrument in order to apply it to the subject matter of the grant or devise." In *Sanford* v. *Raihes,* 1 Merivale, it is said, "not only to be competent, but necessary to admit extrinsic evidence to ascertain the fact, and through that medium to ascertain the subject of devise." See, also, 3 Stark. 1021.

This list of authorities might be much extended; but it is enough to show abundantly, that evidence in this instance, as in cases of boundary, is admissible to give effect to the deed. See *Neuman* v. *Foster's heirs,* 3 How. 390.

The circumstance that the deed recites, that the land was designated on the map as swamp land, when there was no such designation, can have no controlling influence in the cause. "If there are certain particulars sufficiently ascertained, which designate the thing intended to be granted, the addition of a circum-

Doe ex. dem. Merton *v.* Jackson.

stance, false or mistaken, will not frustrate the grant.'' *Wilder* v. *Winne*, 6 Cow. 284. See 18 Johns. 81. 19 Ib. 448. *Fish* v. *Hubbard*, 21 Wend. The omission upon the map, of what it is referred to as containing, cannot defeat the deed.

On the whole case, we are of opinion that the judgment should be affirmed.