THE STAR FIRE INSURANCE CO. *v.* THE NEW HAMPSHIRE NATIONAL BANK.

The drawee, who, without notice of any forgery, has paid a draft to the holder to whom it was negotiated by the forged indorsement of the payees' names, may recover of the holder the money paid upon the draft.

ASSUMPSIT, for money paid by the plaintiffs upon the following draft:

The Star Fire Insurance Company.

Hartford, Nov. 13, 1879.

Pay to the order of Daniel W. Moulton and Samuel C. Goodwin, four hundred forty-six dollars and seventeen cents, being in full payment and satisfaction of all claims and demands against said company for loss and damage by fire on the 25th day of October, 1879, to property insured under Policy No. 114,050 of the Portsmouth, N. H., Agency of said company.

A. E. Williams, Sp. A.

To C. C. Kimball, Manager, Hartford, Conn.

Indorsed:    A. F. Craig.
     Daniel W. Moulton.
     Samuel C. Goodwin.

The plaintiffs' principal place of business and home office is at Hartford, Conn. The draft was made at Hartford by Williams, special agent of the company, upon Kimball, general manager of the company, to pay a loss upon a policy issued by Craig to Moulton and Goodwin, and was sent by Williams to Craig to be delivered to Moulton and Goodwin. Craig was local agent of the company at Portsmouth, authorized to make contracts of insurance and issue policies, but having no authority to adjust and pay losses, and he had no authority to collect the draft in suit. He did not deliver the draft to Moulton and Goodwin, but indorsed his own name, and forged the indorsement of the payees' names upon it, and delivered it to the defendant bank, whose cashier, supposing the indorsements to be genuine, passed the amount to the credit of Craig's account. The defendants sent the draft forward duly indorsed for collection, and, in the ordinary course and through the ordinary channels of business, viz., banks in Boston and Hartford, it came to the hands of the plaintiffs and was paid without knowledge or suspicion that the indorsements were not genuine. Craig died. Moulton and Goodwin not receiving pay for their loss, the plaintiffs were compelled to pay it. Immediately on discovery of the forgery, the plaintiffs notified the defendants, presented the draft, and demanded repayment of the money paid upon it. The defendants refused, and brought this suit. A motion for a non-suit was denied, and a verdict ordered for the plaintiffs, to which the defendants excepted.

*Frink*, for the defendants. 1. The plaintiffs can only recover of the party dealing directly with them, and falsely warranting the title and receiving the money upon the bill. There is no privity between the plaintiffs and any holder prior to the one to whom payment was made, because the prior holder has made no warrant of title to the plaintiffs, nor received from them anything on account of

the warranty. *Redington* v. *Woods*, 45 Cal. 406 ; *Carpenter* v. *Northborough National Bank*, 123 Mass. 69, 70 ; *Bank* v. *M'Intyre*, 2 Sand. 231.

II. The defendants were only agents for collection, and cannot be charged.

III. The defendants were never holders so as to guarantee the title, more than an expressman would have been who undertook to collect the draft. *National Gold Bank* v. *McDonald*, 51 Cal. 64.

IV. The draft was put in circulation by the drawer with the forged indorsements upon it, for Craig was the agent of the company, and while in his hands it was in the hands of the company. *Hortsman* v. *Henshaw*, 11 How. 177 ; *Young* v. *Grote*, 4 Bing. 253 ; *Bank* v. *Bangs*, 106 Mass. 441 ; *Putnam* v. *Sullivan*, 4 Mass. 45.

V. The plaintiffs facilitated the forgery, or gave such opportunity for its commission by delivering the draft to Craig, that it cannot recover *( Young* v. *Grote, supra);* and if this raises the question of negligence *(Bank* v. *Stowell*, 123 Mass. 196), it may be a question of fact for the jury.

VI. The English cases hold the drawee to the strictest diligence in discovering and notifying the indorser of a forgery *( Cocks* v. *Masterman*, 9 B. & C. 902, *Smith* v. *Mercer*, 6 Taunt. 76), while the court, in *Canal Bank* v. *Bank of Albany*, 1 Hill 291, seem to think the rule in America is somewhat relaxed.

VII. The plaintiffs cannot recover, because of their failure to return or offer to return the draft. *Redington* v. *Woods, supra; Rick* v. *Kelly*, 30 Penn. St. 527 ; *Thomas* v. *Todd*, 6 Hill 341 ; *Gloucester Bank* v. *Salem Bank*, 17 Mass. 33.

*Page*, for the plaintiffs. The forged indorsement of the payees' names gave the bank no title, and they have transferred a thing to which they had no title, and by their indorsement have contracted that they have a lawful title to the draft and warranted the genuineness of the previous indorsements, and thereby obtained the plaintiffs' money. Dan. Neg. Ins., *ss.* 672, 677, 730, 735; *Bank* v. *Fearing*, 16 Pick. 533 ; *Merriam* v. *Wolcott*, 3 Allen 258 ; *Bank* v. *M'Intyre*, 2 Sand. 431; Sto. Bills, *ss.* 110, 111 ; Sto. Pr. Notes, *ss.* 135, 380.

I. The bank has received money of the plaintiffs which in equity and good conscience they have no right to retain, and it makes no difference whether they were holders for value, or only received it for collection gratuitously. *Knapp* v. *Hobbs*, 50 N. H. 476 ; Dan. Neg. Ins., *ss.* 324, 688 ; *Sweeny* v. *Easter*, 1 Wall. 166.

II. The defendant bank collected the draft through its agents, the Boston and Hartford banks, and while the plaintiffs might perhaps have recovered of the Hartford bank, and that bank of the Boston bank, and the Boston bank in turn of the defendants, yet the plaintiffs properly sued the defendants because they were the principals in the transaction, and to avoid a multiplicity of

suits. *Martin* v. *Farnum*, 24 N. H. 191; *Ellsworth* v. *Brewer*, 11 Pick. 316; *Buller* v. *Harrison*, Cowp. 566, 806. There need be no privity of contract between the parties in order to support the action, except that which results from the defendants' having the plaintiffs' money, which they have not a right conscientiously to retain. *Mason* v. *Waite*, 17 Mass. 563; *Hall* v. *Marston, id.* 579.

III. It is immaterial that Craig was the agent of the plaintiffs. *Weisser* v. *Denison*, 10 N. Y. 69; *Johnson* v. *Bank*, 5 Rob. (N. Y.) 554. He was only an agent for special purposes, and had no authority to settle a loss, nor to indorse and negotiate the draft. Whar. Ag., s. 213, and cases cited. There was no evidence of any negligence or act of the plaintiffs to facilitate the forgery, or in not discovering it before payment, and if there was, negligence is no bar. *Lawrence* v. *Bank*, 54 N. Y. 435; *Bank* v. *Nat. M. B. A.*, 55 N. Y. 211; Dan. Neg. Ins., s. 1362; Chit. Bills, 13 Am. ed., 485.

IV. The plaintiffs were bound to give the defendants notice within a reasonable time after discovering the forgery, and did so the same day of the discovery. *Canal Bank* v. *Bank of Albany*, 1 Hill 291; 2 Pars. N. & B. 598.

V. Demand was made on the defendants. If a tender of the draft was necessary, the president of the bank declined to do anything about it, and waived a formal tender of the draft. *Stanley* v. *Stanley*, 2 N. H. 364; *Barker* v. *Barker*, 16 N. H. 333; *Wiggin* v. *Scammon*, 27 N. H. 360; *Clement* v. *Clement*, 8 N. H. 210; *Buffum* v. *Buffum*, 11 N. H. 451; *Sargent* v. *Graham*, 5 N. H. 440; *Breed* v. *Hurd*, 6 Pick. 356.

ALLEN, J. The defendants received the draft on a forged indorsement of the payees' names, and took no title to it. By indorsing it they warranted the genuineness of all prior signatures. 2 Pars. N. & B. 589; Dan. Neg. Ins., ss. 730, 731, 1357; *Bank* v. *Fearing*, 16 Pick. 533; *Lobdell* v. *Baker*, 1 Met. 193; *Bank* v. *Morton*, 4 Gray 156; *Merriam* v. *Wolcott*, 3 Allen 258; *Herrick* v. *Whitney*, 15 John. 240; *Murray* v. *Judah*, 6 Cow. 284; *Canal Bank* v. *Bank of Albany*, 1 Hill 287; *Aldrich* v. *Jackson*, 5 R. I. 218; *Thrall* v. *Newell*, 19 Vt. 202. The defendants' indorsement was a representation that they had paid or accounted, or would pay and account, to the payees for what they might receive upon it. Relying upon their indorsement and the representations which it legally carried, the plaintiffs paid the draft, and the defendants received the money or an equivalent credit, through their correspondents who collected it. With knowledge or notice of the forgery, the plaintiffs might have resisted payment. They had no knowledge or notice or even suspicion of the character of the first indorsement, and were in no fault for not knowing it. They had a right to rely on the defendants' indorsement; and with

that reliance they paid the draft, and the defendants received the money paid through an innocent mistake. By reason of the forgery the payees failed to receive the money due them, and the plaintiffs were compelled to pay again the amount of the draft, and might then rely on the promise of the defendants arising from their indorsement for repayment.

The defendants, having credited the amount of the draft to Craig and indorsed it for collection, must be understood to have received the draft as cash, and were holders for value. If they received it as agents for collection, they did not disclose the agency; and as between them and the plaintiffs, they must be taken to have acted as principals. *Canal Bank* v. *Bank of Albany, supra.* The banks at Boston and Hartford subsequently indorsing the draft for collection were agents of the defendants (*Hoover* v. *Wise*, 91 U. S. 308, and cases cited), and the defendants were the proper parties to be sued.

Craig was not an agent of the plaintiffs for any purpose connected with the draft, except to deliver it to the payees. His agency was local, and limited to the business of effecting insurance risks and the issuing of policies. It did not include in its scope the power to adjust losses, nor to indorse, collect, or accept the plaintiffs' drafts, nor did the plaintiffs in any way authorize him to perform those acts, or hold him out as having authority to perform them. He was a stranger to the draft, and his acts in indorsing his own name and forging the names of the payees upon it did not relieve the defendants of their duty of diligence to make inquiries respecting the genuineness of the indorsements. His acts not being within the duties of his agency, and being unauthorized, did not bind the plaintiffs, and his knowledge of the forgery was not the knowledge of the plaintiffs.

The plaintiffs notified the defendants of the mistake in payment as soon as the forgery was discovered, and being in no fault for not knowing it sooner, there was no unreasonable delay in the notice to the defendants. *Canal Bank* v. *Bank of Albany, supra; Merchants' National Bank* v. *National Eagle Bank*, 101 Mass. 281. This is not the case of a drawee paying a draft on which the name of a drawer is forged, or which was put into circulation by the drawer with a forged indorsement upon it. In such case the drawee, having ordinarily the best means of knowledge of the drawer's signature, cannot recover from an innocent holder to whom he has paid the draft. *Hortsman* v. *Henshaw*, 11 How. 177; *Coggill* v. *American Exchange Bank*, 1 Comst. 113. An acceptance of the draft warrants the genuineness of the drawer's signature, but not of an indorser's made subsequent to the issuing of the draft and before acceptance or payment; and the payment by the drawee to one who holds by a forged indorsement of the payee's name entitles him to recover the sum paid, if seasonable notice of the forgery is given.

The defendants and plaintiffs both paid the draft by mistake, neither knowing nor suspecting the forgery. If there were any question of negligence, the defendants preceded the plaintiffs, who relied on the former's indorsement, which carried with it assurance of the genuineness of the preceding indorsements. The equities between the parties are not equal. *McKleroy* v. *Southern Bank of Ky.*, 14 La. Ann. 458; Dan. Neg. Ins., *s.* 1362. The defendants have received the plaintiffs' money, which in equity and good conscience they cannot retain, and the plaintiffs made a reasonable demand for it before suit. On the facts reported no legal defence to the suit was shown, and a verdict for the plaintiffs was properly ordered.

*Judgment on the verdict.*

Clark, J., did not sit: the others concurred.