JUDGE HARDIN
delivered the opinion of the court:
The appellees, the president, directors, and company of the Northern Bank of Kentucky, brought this action against J. H. Jurey and Joseph Burgess, late partners in business, in the firm name of Jurey & Burgess, and Edward Burgess, on a bill of exchange, purporting to have been drawn by said Edward Burgess upon, and *602 accepted by, said Jurey & Burgess, for three thousand dollars, dated, the 28th clay of June, 1867, payable to the drawer’s own order, at the Bank of the Ohio Valley, Cincinnati, Ohio, ninety days thereafter, and indorsed in his name, and which appears to have been sold to the plaintiffs by Jurey, acting in the partnership name of Jurey & Burgess; and the proceeds of the bill were paid to him on a check therefor, purporting to have been drawn by said Edward Burgess, in favor of said Jurey & Burgess, which he indorsed to the bank in said partnership name.'
Edward Burgess not leaving been brought before the court, the action was discontinued as to him.
Without controverting the existence of the partnership, or the authority of Jurey to use the name of the firm of Jurey & Burgess, within the scope of their partnership business, Joseph Burgess, by his separate answer, denied that the bill had been transferred to the plaintiffs by Edward Burgess, by bis indorsement or otherwise, and alleged that the name of Edward Burgess, purporting to be his signature as indorser of the bill, was a forgery, and that it had been so made without his knowledge, consent, or connivance, aim that the plaintiffs having received the hill upon said forged indorsement, they were not the owners thereof, and had acquired no right of action thereon.
The law and face- of the case were, by consent, submitted to the court for trial without the intervention of a jury, and the court rendered a judgment for the debt against Joseph Burgess; and from that judgment he prosecutes chis appeal.
It was sufficiently proved on the trial that the name of Edward Burgess upon the bill, both as drawer and indorser, as well as his name affixed to the check, on the *603 indorsement of which Jurey drew the money, was not the genuine signature of Edward Burgess, hut a forgery. But there was no evidence before the court conducing to prove that the officers of the bank ha.d knowledge that said instruments were not the acts of Edward Burgess; nor does it appear that they had any notice that Jurey, in obtaining the money upon them in the firm name of Jurey & Burgess, was not acting as one of the firm in the course of its legitimate business.
Upon these tacts it is contended for the appeJIant that the bank acquired no title to the bill, and, moreover, if the negotiation of it was such as in transfer it, the plaintiffs were, nevertheless, not entilled to recover, because the proceeds of the bill were not paid to Edward Burgess or to his order, but were paid on the presentation of a forged cheek purporting to have been drawn by him.
In Btory on Bills, section 45!, the general principle is stated, that “if the indorsement under which the bolder claims is fprged, the acceptin' is not bound to pay the bill; and if he does, the real owner is still entitled to recover the amount, as well from the holder as from the acceptor.” This we regard as a correct principle of law, as applicable to cases in which the parties sought to be charged are not estopped by their own acts or connection with the negotiation of the bill from controverting the indorsement or the validity of the title of the holders. Bui. in this case the attitude of the appellant is materially different from that which he would have occupied, if the bill had been put in circulation by means of a. forged indorsement by a stranger, or one for whose acts he was under no legal responsibility.
If one of the parties to a bill negotiate it with a forged indorsement, in the name of the payee, he must *604 be understood as affirming that the indorsement is in the handwriting of the payee, or written by his order, and is estopped from denying the genuineness of the indorsement, or setting up the forgery in defense of an action by the holder. (Story on Bills, sec. 225; Hartsman vs. Henshaw, &c., 11 Howard, 177.)
If these views be correct, Jurey, who negotiated the bill in the partnership name of Jurey & Burgess, could not escape responsibility on the ground that the indorsement of the bill was a forgery. Is not the appellant equally liable to the holders, although innocent of any participation in the crime of forgery imputed to his partner ?
It is a general.principle in the law of partnerships, and one which this court has long and uniformly recognized, that each partner is presumed to have authority to bind the firm, by the use of its name, upon bills and promissory notes; and when so used, the bill or note will be deemed to be on partnership account, and bind it accordingly, unless it is clearly established that the party taking it had notice that the bill or note was made for purposes not within the partnership business. (Story on Bills, sec. 78; Story on Promissory Notes, sec. 72; Bank of Kentucky vs. Brooking, &c., 2 Littell, 42; McGowan, &c., vs. The Bank of Kentucky, 5 Littell, 271.)
It is insisted, however, that although the transaction between Jurey and the bank was such as would ordinarily bind the firm of Jurey & Burgess, yet, as Jurey appears to have been guilty of a crime in uttering the paper upon a forged indorsement, the illegality of the transaction on the part of Burgess renders the case an exception to the general rule, by which one partner is held to responsibility for the acts of another. But we deem this distinction rightly taken only so far as accountability for the criminal offense is concerned; not so as to the legal conse *605 quences of the acts of a partner as affecting the rights of others, which are presumed to be done in the course of the partnership business; for it is no answer to a claimant upon the firm that the debt which he seeks to recover was contracted by one of the partners in the firm name, for a fraudulent or dishonest purpose, if the debt was incurred and the money received within the scope of the partnership business, and without the knowledge of the other contracting party of such fraudulent or dishonest purpose. (Gow on Partnership, 161.)
As to the objection that the money was wrongfully withdrawn from the bank by Jurey, on a forged check, drawn in the name of Edward Burgess, it results, from what we have already said, that as Jurey indorsed that check in the firm name of Jurey & Burgess when he negotiated the bill, the appellant was precluded from setting up the forgery to show that the bank had not properly paid the consideration for which the bill was passed to it.
Wherefore, the judgment is affirmed.