# RICHARDS *v.* STREET.

---

PLEADING; AFFIDAVIT OF DEFENSE; BILLS AND NOTES.

1. A mistake in a declaration on a promissory note against an indorser in stating the order of indorsements is cured where the plaintiff's particulars of demand correctly set up a copy of the note with the indorsements.

2. In an action on a promissory note made by a partnership and payable to one of the partners, an affidavit of defense by the indorser is insufficient which alleges that the indorsement of the name of the payee is a forgery, the signature of the payee having been written by another of the partners, where it also appears that the partnership indorsed the note subsequently, and thus affirmed that the indorsement of the payee was genuine.

3. Where a party, in order to renew a note, writes the name of the payee in a blank form of note, indorses the same, and sends it to the payee, in order that he may fill in the proper amount and deliver the new note to the bank, the fact that the note is used for another purpose will not relieve the indorser from liability.

4. Even though a bank which merely gives credit to one for whom it discounts a promissory note and still holds the money unpaid to him or upon his check is not the holder for value under sec. 1330, D. C. Code,—in order to avail a prior indorser of such a defense, in an action against the indorser by the transferee of the bank, the indorser must show affirmatively that the bank has not actually paid over the money to the party who discounted it.

No. 1876. Submitted April 20, 1908. Decided May 19, 1908.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, entered after a motion for judgment for want of sufficient affidavit of defense had been granted, in an action on a promissory note.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This action was brought by Garfield A Street against William A. Richards to recover the sum of $400 on a promissory note for that amount. The said note, with its indorsements, reads as follows:

Washington, D. C., Aug. 20, 1907.
Ninety days after date we promise to pay to the order of Albert M. Cowell Four Hundred and Forty Dollars at Fourteenth St. Savings Bank.

Value received with interest at the rate of six per cent per annum.

No. 3057.   Due Nov. 18, '07.

Albert M. Cowell & Son,

Room 4, 14th St. Savings Bank.

Indorsed by Wm. A. Richards, Albert M. Cowell, Albert M. Cowell & Son, and the Fourteenth Street Savings Bank.

The declaration was accompanied by an affidavit under the 73d rule of the supreme court of the District, in which, after describing the note with its indorsements, it is alleged: That plaintiff is the legal holder of said note, which has been duly presented and protested for nonpayment with notice to the maker and indorsers. That there is justly due plaintiff the said sum of $440 with interest at the rate of 6 per cent per annum from August 20, 1907, and the additional sum of $2.23 costs of protest. The proceedings showing protest and notice were also filed.

The defendant pleaded *non assumpsit* and *nil debet,* and made the following affidavit of defense:

"William A. Richards, being duly sworn, says that he is the defendant in the above-entitled cause, and denies the right of the plaintiff therein to recover any sum whatever; that he never indorsed to the Fourteenth Street Savings Bank the alleged note mentioned in the plaintiff's declaration and affidavit in said cause; that heretofore and long before the date of said alleged note the affiant had indorsed for the accommodation of Albert M. Cowell a certain note which had been discounted by the Commercial National Bank, and which had been curtailed and renewed from time to time, and, for the purpose of a renewal of said note at or about the date of the alleged note now sued upon, the affiant indorsed a blank form of note and inserted the name of said Albert M. Cowell therein as payee, and transmitted the same to said Cowell for the purpose of renewing the said note held by the Commercial National Bank; neither the said Cowell, nor any other person or persons, had

any authority to fill in the blanks in said note, or use the same for any other purpose than to renew the said note held by said Commercial National Bank; that the affiant has examined the alleged note now sued upon, and recognizes it as the blank form indorsed by him as aforesaid and transmitted to said Albert M. Cowell for the purpose aforesaid; that the same is signed by A. M. Cowell & Son, and the blanks upon its face filled out in the handwriting of Sylvester C. Cowell, the active member of the firm of A. M. Cowell & Son; that the said note purports to be indorsed by Albert M. Cowell, but the affiant is familiar with the genuine signature of said Albert M. Cowell, and cannot recognize the said indorsement, and, in his opinion, the said indorsement is a forgery, and he so expects to prove at the trial; that he is informed and expects to prove at the trial that the said alleged note now sued upon was also indorsed in the name of said firm of A. M. Cowell & Son as the last indorsers, and presented at the Fourteenth Street Savings Bank for discount by said Sylvester C. Cowell on behalf of said firm of A. M. Cowell & Con, and was discounted by said bank and the proceeds thereof placed to the credit of said firm; and the affiant is advised that, even if the said alleged note was in fact indorsed by said Albert M. Cowell, the firm of A. M. Cowell & Son had no power or authority to negotiate the same to said Fourteenth Street Savings Bank, and that the said Fourteenth Street Savings Bank was put upon inquiry as to the authority of said firm to negotiate the said alleged note, and did not become an innocent holder thereof with any right of action against the affiant; that the said Fourteenth Street Savings Bank held the said alleged note now sued upon at the maturity thereof and thereafter, and the affiant is informed and believes, and expects to prove at the trial, that the plaintiff, Garfield A. Street, is prosecuting this suit merely as nominal holder of said alleged note for the benefit of said Fourteenth Street Savings Bank."

On motion of plaintiff, the court entered judgment against the defendant for the amount claimed for want of sufficient

pleas and affidavit of defense; and defendant has appealed therefrom.

*Mr. William C. Prentiss* for the appellant.

*Mr. Howard Boyd* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The first assignment of error relates to the sufficiency of the plaintiff's affidavit. The contention is that it alleges the indorsement of the note by defendant after, instead of before, the indorsement by Albert M. Cowell and A. M. Cowell & Son; wherefore there is a variance between the note as alleged and the one referred to. It is argued that the defendant's liability, as accommodation indorser, is only to parties subsequent to the payee, as provided in sec. 1368 of the Code. The affidavit does not recite that the indorsement of defendant followed that of the payee. This might be said of the declaration, however; but any mistake therein is corrected by the particulars of demand attached and referred to, which sets out a correct copy of the note with the indorsements showing defendant to be the first indorser. The judgment was entered upon the recitals of the affidavit, which were accurate. Moreover, no question of liability to the subsequent indorsers arises. The action is by the last holder for value against the defendant alone.

2. The next point made is on the allegation of the affidavit of defense to the effect that the name of Albert M. Cowell was not indorsed by him, but is a forgery. The allegation is, substantially, that the name of Albert M. Cowell, as indorser, is believed to be in the handwriting of Sylvester C. Cowell, and, therefore, a forgery. Assuming, without deciding, that this statement is sufficient to put the question of forgery in issue, we are of the opinion that, under the facts shown, this constitutes no defense to the action. Sylvester C. Cowell is a partner. of Albert M. Cowell & Son, who indorsed the note there-

after and negotiated it. By so acting, they must be under-stood as affirming that the indorsement was by Albert M. Cowell, or by his authority. *Hortsman* v. *Henshaw,* 11 How. 177, 183, 13 L. ed. 653, 656. The presumption is that Syl-vester C. Cowell, as a member of the partnership, was author-ized to indorse the partnership name; and A. M. Cowell is estopped thereby, as well as by the receipt of the proceeds of the indorsement, to deny the genuineness of his signature which the partnership indorsement affirms. *Burgess* v. *Northern Bank,* 4 Bush, 600, 604.

3. The next assignment of error is founded on the allegation of the affidavit of defense, to the effect that the appellant had previously indorsed a note for the accommodation of Albert M. Cowell, which had been discounted with the Commercial National Bank, and renewed thereat from time to time; and that, for the purpose of again renewing said note in said bank, he wrote the name of Albert M. Cowell in the blank form of note, indorsed the same, and transmitted it to said Cowell for the sole purpose of filling in the proper amount and delivering the said note to said bank. The allegation constitutes no de-fense. A note indorsed under such circumstances and delivered to a holder in due course "is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given, and within a reasonable time." Code, sec. 1318. This was the established rule of law before the passage of the negotiable securities act. *Goodman* v. *Simonds,* 20 How. 343, 361, 15 L. ed. 934, 939; 1 Dan. Neg. Inst. §§ 144, 843, 844.

4. The last ground of defense alleged in the affidavit of de-fense is that the Fourteenth Street Bank was not a holder for value because, in discounting the note, it merely gave the firm of A. M. Cowell & Son credit for the same on its books. The affidavit, it will be remembered, alleges that the plaintiff is merely a holder of said note for the benefit of the said bank. It may be true that a bank which merely gives a credit for the amount of the note, to the discounter, and still holds the money unpaid to him or upon his check, is not a holder for value, with-

in the meaning of sec. 1330 of the Code [31 Stat. at L. 1399, chap. 854]; but it is unnecessary to decide that question. To avail himself of such a defense, the defendant, in addition to the fact that the discount was so applied, must also allege that the money, at the time of notice, remained in the bank to the credit of the discounter. If it has been paid to him or his order, the bank necessarily becomes a holder for value. *Mann* v. *Second Nat. Bank,* 34 Kan. 746, 755, 10 Pac. 150.

We find no error in the entry of judgment on the motion, and it will therefore be affirmed, with costs.        *Affirmed.*