## P. & H. FINANCE CO. et al. v. FIRST STATE BANK OF SEMINOLE et al.

No. 28883.    Sept. 19, 1939.

Rehearing Denied Oct. 24, 1939.

James W. Pipkin, for plaintiffs in error.

Bishop, Bishop & Seay, for defendant in error First State Bank of Seminole.

J. Wrex Spurr, for defendant in error First National Bank of Seminole.

CORN, J.    Plaintiff in error, defendant below, seeks to reverse a judgment rendered by the superior court of Seminole county, in an action brought by the First State Bank to

recover the sum of $159 paid on a check drawn by defendant on the First National Bank and payable to J. L. Dillon and D. C. Cox, and which had been cashed by the plaintiff.

Defendant made a loan to J. L. Dillon, who represented he desired the loan in order to purchase an automobile from D. C. Cox. Defendant drew a check for $159 on the First National Bank, naming Dillon and Cox as payee. Cox was not present when the loan was made. Dillon thereafter presented this check to plaintiff, First State Bank, indorsed by himself, and which also contained the forged indorsement of Cox, and received the money.

Thereafter an agent of the First National Bank represented to one of plaintiff's employees that the indorsement of Cox was a forgery, and induced this employee to repay the amount of the check to the First National Bank, where it was in turn recredited to the defendant's account.

When these facts were discovered by officials of the plaintiff bank, demand was made upon the First National Bank for reimbursement, but the demand was refused. Plaintiff then brought this suit against defendant, drawer, and the First National Bank, drawee, to recover the amount of the check.

A jury was waived and the cause tried to the court, resulting in a judgment in favor of plaintiff and against the defendant First National Bank, the judgment also being that the defendant bank should in turn have judgment against the defendant finance company.

Numerous assignments of error are presented and the argument in support thereof is made under four general propositions. However, for the purposes of this appeal we believe it unnecessary to consider all of them, as one question is decisive of this case.

This question is whether a bank, which cashes a check bearing a forged indorsement and adds its own indorsement guaranteeing all prior indorsements and presents and collects from the drawee bank, is liable.

7 Am. Jur. § 580, p. 419, states:

"Without doubt, the same necessities of business which require the drawee bank to know the signature of the drawer, and prevent its recovering money paid to an innocent holder of the check, require one who first cashes and negotiates the paper to take some precautions to learn whether or not it is genuine, and if the one cashing the check, through indifference, or worse, assists the forger in committing the fraud, he should not be permitted to retain the proceeds of the check from the drawee whose sole fault was that it did not discover the forgery before paying the check. *For this reason a bank which cashes a check drawn upon another bank, without requiring proof as to the identity of persons presenting it, or making inquiries with regard to them, cannot hold the proceeds against the drawee when the check afterwards proves to be a forgery.* In such cases the drawee bank has a right to believe that the cashing bank had, by the usual proper investigation, satisfied itself of the authenticity of the checks. * * *"

In 7 Am. Jur. § 594, p. 431, the following statement is made:

"Although not agreeing uniformly in the reasons given for their decisions, most courts hold as a general rule that an intermediary bank which receives a check on a forged indorsement, and collects it from the drawee bank is liable to the drawer of the check for his loss, the bank's acceptance of the check for collection being at its peril as to a possible forged indorsement. * * * Citing Railroad Bldg. Loan & Sav. Ass'n v. Bankers Mortg. Co., 142 Kan. 564, 51 P.2d 61, 102 A. L. R. 140, which case recognizes the general rule."

The facts in the cited case are extremely analogous to the case at bar, and in passing upon this issue the Supreme Court of Kansas said, in paragraph 1 of the syllabus:

"Where a check to which the name of the payee is indorsed without authority of the person whose signature it purports to be is paid or cashed or received for value by a bank, which indorses it and sends it forward for collection to the drawee bank, where it is paid, the drawer, upon discovery of the fraudulent indorsement, may, in an appropriate action, recover from the first bank."

To this same effect see Hortsman v. Henshaw, 11 How. 177, 183, 13 L. Ed. 653; Wellington Nat. Bank v. Robbins, 71 Kan. 748, 81 P. 487; Farmers National Bank v. Farmers & Traders Bank, 159 Ky. 141, 166 S. W. 986, L. R. A. 1915A, 77; 102 A. L. R. 146. A decision in point is the case of Farmers State Bank v. U. S. (1932, C. C. A. 5th) 62 F.2d 178, wherein it was held the maker of checks which were paid by a bank on payee's forged indorsements, and then indorsed by the bank for collection, was entitled to recover back the money received by the bank on such checks, because the bank, by its indorsement, warranted the genuineness of the forged indorsements.

In National Bank of Commerce v. Fish, 67 Okla. 102, 169 P. 1105, our own court, in following this general rule, gave as its reason that since it is impractical for banks to require proof of genuineness of payee's

indorsement, a custom has arisen by which the first bank guarantees prior indorsements, and relying upon this, the bank of deposit pays without question. Thus, where forgery has been committed, the bank of deposit cannot charge the depositor, but looks to the guaranty of the paying bank or intermediate indorser. (Citing numerous cases.)

This court had occasion to pass upon much this same question in Jones et al. v. Citizens' National Bank of Okmulgee, 106 Okla. 162, 233 P. 472, and in so doing declared itself in accord with the general rule as stated in 3 R. C. L. 616, par. 244, where it is said:

"* * * Where the collecting bank indorses generally a check received by it for collection, it thereby guarantees the authenticity of the prior indorsements, and in case such a prior indorsement is a forgery, it is liable to the drawee bank for the money paid to it by the latter. * * *" (Citing cases.)

To this same effect, see 7 C. J. § 420, p. 692, and cases therein cited.

Judgment reversed and cause remanded, with directions to enter judgment for defendant.

BAYLESS, C. J., WELCH, V. C. J., and HURST and DANNER, JJ., concur.