J. S. WELLS, a sole trader, d/b/a B & W Thrif-T-Wise, Plaintiff in Error,

v.

LOVELESS MANUFACTURING CORPORATION, an Oklahoma corporation, Defendant in Error.

No. 40333.

Supreme Court of Oklahoma.

May 12, 1964.

Pat Malloy, N. E. McNeill, Jr., Tulsa, for plaintiff in error.

Wheeler & Wheeler, Tulsa, for defendant in error.

IRWIN, Justice.

Loveless Manufacturing Corporation, referred to as plaintiff, issued several checks over a period of time to named payees wherein The First National Bank and Trust Company of Tulsa, Oklahoma, plaintiff's depository bank, was the drawee bank. The indorsement of the name of each payee was forged and the checks were cashed by J. S. Wells, a sole trader, d/b/a B & W Thrif-T-Wise, referred to as Wells. Wells indorsed the checks and deposited them in the Community State Bank. Community State Bank then indorsed them and transmitted them to The First National Bank for collection. The First National Bank paid the checks and charged plaintiff's account for the amount of each check.

Plaintiff commenced this action against The First National Bank to recover the amount of the checks. The basis for plaintiff's action was that indorsement of the name of the payee in each of the checks had been forged.

The First National Bank filed an application to make the Community State Bank and Wells party defendants. They were made party defendants and The First National Bank filed a cross petition alleging that if the indorsements of the names of the payees were not genuine and were forgeries, each check before presentation to it had been indorsed by Wells and the Community State Bank, and that by such indorsements they expressly guaranteed the validity and genuineness of all prior indorsements. The First National Bank prayed that plaintiff take nothing, but in the alternative prayed that if plaintiff be awarded judgment against it, that it have judgment over and against the Community State Bank and Wells.

Community State Bank filed an answer and a similar cross petition against Wells

and prayed that plaintiff take nothing, but in the alternative prayed that if it was held liable to plaintiff or The First National Bank, then it be awarded judgment against Wells, its prior indorser.

Wells answered and alleged that if the indorsements were forgeries, that plaintiff could not recover because it was negligent in the plan it followed in drawing and delivering its checks, which negligence was the cause of the loss, if any, occasioned by the alleged forgeries.

At the close of plaintiff's evidence, the trial court sustained the demurrers of The First National Bank and the Community State Bank and overruled the demurrer of Wells. Wells offered no evidence and judgment was rendered in favor of plaintiff against Wells. Wells perfected this appeal from the order overruling his motion for a new trial.

## PROPOSITION I

Wells contends that under Title 48 O.S. 1951 § 149, the indorsers on a negotiable instrument are liable in the order in which they indorse, and therefore, under the pleadings and evidence, plaintiff neither stated in its petition nor established by evidence any cause of action against him.

Wells' theory is that if there was any liability on the part of him, it would have been to the Community State Bank; and if there was any liability on the part of the Community State Bank it would have been to The First National Bank and The First National Bank would have been liable to plaintiff; and since the trial court sustained the demurrer of The First National Bank, it found The First National Bank was not liable to plaintiff. Wells states that by sustaining the demurrer of Community State Bank, that it was not liable to either the plaintiff or The First National Bank and no liability could be imposed upon him. In summary, Wells' theory is that before liability could be imposed upon him, liability would have to also be imposed upon The First National Bank and Community State Bank.

██ Although Title 48 O.S.1951 § 149, specifically provides that "indorsers are liable prima facie in the order in which they indorse", we find nothing in said section which limits a drawer's right to recover only against the drawee bank or the last indorser.

In P. & H. Finance Co. v. First State Bank of Seminole, 185 Okl. 558, 94 P.2d 894, we quoted with approval Railroad Bldg. Loan & Savings Ass'n v. Bankers' Mortg. Co., 142 Kan. 564, 51 P.2d 61, 102 A.L.R. 140, wherein the Supreme Court of Kansas held:

"Where a check, to which the name of the payee is indorsed without authority of the person whose signature it purports to be, is paid or cashed or received for value by a bank which indorses it and sends it forward for collection to the drawee bank, where it is paid, the drawer, upon discovery of the fraudulent indorsement, may, in an appropriate action, recover from the first bank."

██ Under the above authority, plaintiff would have had the right to proceed against Wells and recover judgment against him, without proceeding against The First National Bank or the Community State Bank. We therefore conclude that when A issues a check payable to a certain payee and such check is drawn on B bank, if an indorsement of the payee's name is forged and the check is cashed by C, and C indorses said check and forwards it to B bank for collection and B bank honors the check and charges the same to A's account, Title 48 O.S.1951 § 149, does not limit A's entitlement to recovery against B bank only nor does such section preclude A from recovering against B bank.

In First Nat. Bank of Wichita Falls, Tex. v. Guaranteed State Bank of Marlow, Okl., 106 Okl. 85, 233 P. 183, we said:

" * * * In the case of a payee or an indorser on a check, the drawee bank is not supposed to know and is not required to know their signatures, and the drawee has a right to rely upon

prior indorsements on the check for its protection in the payment thereof, and, in the case of a forgery, it has a right to recover from prior indorsers, unless said drawee has notice that the indorsement of the signature of the payee on the check is forged."

In the instant action, Wells does not contend that either The First National Bank or the Community State Bank had notice that any of the indorsements of the signatures of the payees was forged; nor does Wells contend that if the trial court had rendered judgment against The First National Bank and the Community State Bank that they or one of them would not have been entitled to a judgment against him. In other words, Wells tacitly recognizes that if plaintiff were entitled to recover, the Community State Bank or The First National Bank would be entitled to have judgment against him. Wells recognized this in his Answer as he specifically plead the negligence of the plaintiff in conducting its business and issuing the checks and made no allegations whatsoever relating to the negligence of The First National Bank or the Community State Bank.

■ Although plaintiff did not ask for judgment against Wells, under the facts and circumstances in this case, we can not say that the trial court's failure to render judgment in a different manner than it did, affected the substantial rights of Wells. By virtue of Title 12 O.S.1961 § 78, any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party must be disregarded. We therefore conclude that rendition of a judgment against Wells alone, under the facts and circumstances in the case at bar, does not constitute reversible error.

## PROPOSITION II

Wells contends the evidence clearly establishes that plaintiff was negligent in the issuance of its checks and the trial court erred in overruling his demurrer to the evidence.

The record discloses that Wells cashed 27 checks between September, 1959 and August, 1960, wherein the indorsement of the signature of the payee was forged. The evidence discloses that the same person forged all the indorsements on all the checks. Seven of the checks were made in favor of the same payee and several of the remaining checks were made to the same payee.

■ If there is any competent evidence to support the judgment, such judgment will not be disturbed on appeal. See D. W. L., Inc. v. Goodner-Van Engineering Company, Okl., 373 P.2d 38. After examining the entire record we can not conclude that the judgment of the trial court should be reversed.

Judgment affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.