**JONES et al. v. CITIZENS NAT. BANK OF OKMULGEE.**

No. 11219—Opinion Filed May 15, 1923.

Rehearing Denied Feb. 17, 1925.

1. **Banks and Banking — Forged Indorsement—Recovery by Drawee Bank.**

A drawee bank which pays a check bearing indorsements does not admit the genuineness of such indorsements, and if any such indorsement is forged, it may recover from the one receiving payment the amount so paid.

2. **Same—Collecting Bank—Charging Back to Depositor Amount Credited.**

A bank receiving a check for collection and crediting depositor's account with amount thereof, upon discovering that a prior indorsement is forged, may charge off the deposit so entered.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Okmulgee County; Wade H. James, Special Judge.

Action by Jones Bros., a partnership composed of L. R. Jones and Geo. M. Jones, against the Citizens National Bank of Okmulgee, for the sum of $150. Judgment for defendant, from which, after unsuccessful motion for new trial, this appeal is taken by petition in error with case-made at-

tached. The parties will be hereafter referred to as plaintiffs and defendant as they appeared in the trial court. Affirmed.

M. A. Dennis, for plaintiffs in error.

E. T. Noble, for defendant in error.

Opinion by LOGSDON, C. This action was commenced in the justice of the peace court in the city of Okmulgee, Okla., wherein the plaintiffs filed their bill of particulars, charging that on or about the 1st day of September, 1916, they were depositors of the defendant bank, and deposited with said bank for collection a certain check which they had received in the ordinary course of business, said check bearing date of September 9, 1916, and drawn by R. B. F. Hummer in favor of Ira Robertson, teamster, in the sum of $150. That defendant received said check for collection and forwarded same to the First National Bank of Henryetta, Okla., the bank on which it was drawn, for payment; that said check was paid upon presentment and the account of the plaintiffs in the defendant bank credited with said amount, said payment having been made September 21, 1916; that on November 1, 1916, said defendant bank converted the proceeds of said check to its own use; that on November 8, 1916, plaintiffs made demand on defendant for repayment thereof, which was refused; that plaintiffs were bona fide holders of said check for value in due course of business, and that defendant was without authority to convert the proceeds thereof.

Judgment was rendered in said justice court in favor of the defendant from which an appeal was perfected to the county court, where defendant filed its answer, which in substance denied that it wrongfully converted the proceeds of said check to its own use, and denied that collection had been made thereof, but alleged that said check was drawn by R. B. F. Hummer on the First National Bank of Henryetta, Oklahoma, payable to Ira Robertson, teamster; that one Ira Robertson, claiming to be the payee in said check, presented the same to plaintiffs with a purported endorsement of the payee thereon and received from plaintiffs the proceeds of said check; that the payee of the said check never did endorse the same and never authorized the alleged Ira Robertson to so endorse the same, but that such endorsement was without authority and a forgery; that in due course of business plaintiffs endorsed said check to the defendant, and received credit therefor as a deposit; the defendant in due course endorsed said check and had same presented to the First National Bank of Henryetta for payment and payment being refused, defendant charged the amount thereof back to plaintiff's account with defendant.

On October 24, 1919, this cause was submitted to the county court of Okmulgee county without the intervention of a jury and upon an agreed statement of facts. The agreed statement of facts upon which the judgment of the county court was rendered is as follows:

"It is hereby stipulated and agreed by and between the plaintiffs and defendant in the above entitled cause that the facts in said cause are as follows:

"That on or about the 1st day of September, 1916, one R. B. F. Hummer wrote a letter to Ira Robertson, addressing it to Okmulgee, Oklahoma, which letter is in words and figures as follows, to wit:

"'September 1st, 1916.

"'Mr. Ira Robertson, Okmulgee, Oklahoma.

"'Dear Sir:

"'The M. O. & G. Claim Agent has mailed me a check for $200.00 covering your claim, and if you will let me have your exact address or stop at my office I will give you a check.

"'Yours very truly,

"'R. B. F. Hummer.'

"That Ira Robertson received the communication above described from R. B. F. Hummer through the United States mail at Okmulgee, Oklahoma, and that in response to that letter, Ira Robertson notified R. B. F. Hummer to send the check mentioned in such communication to his address at 608 East 8th St., Okmulgee, Oklahoma.

That in respect to Ira Robertson's letter, the said Hummer enclosed a check in the sum of $150 to Ira Robertson, 608 East 8th St., Okmulgee, Oklahoma; that Ira Robertson received the check through United States mail, and shortly thereafter presented the same to Jones Brothers, plaintiffs herein and requested Jones Bros. to cash said check. That said Ira Robertson endorsed said check and delivered the same to George M. Jones, one of the partners of said firm, and the said George M. Jones advanced the said Ira Robertson the sum of $20 on said check, it being after banking hours; and thereafter on the next banking day, the said George M. Jones called the First National Bank of Henryetta, Oklahoma, the bank on which said check had been drawn by R. B. F. Hummer, and asked one of the employees of said bank, who answered said call, if a check drawn by R. B. F. Hummer on that bank would be accepted for the sum of $150.00. That said First National Bank of Henryetta, Ok-

lahoma, through its employee, informed said George M. Jones that said check was good, and that that bank would accept the same.

"That upon acceptance of said check by said First National Bank of Henryetta, Jones Brothers paid to Ira Robertson the balance of said check, to wit: $130.00, thereby becoming innocent purchasers for value, without notice of any infirmities or defects in said check.

"That thereafter Jones Brothers endorsed said check and deposited the same in the Citizens National Bank of Okmulgee, defendant herein, for collection. That said Citizens National Bank gave Jones Bros., plaintiffs herein, due credit for said sum of $150.00 on their deposit book, and also on the records of the bank; that said check was cleared in the ordinary course of business and paid by the First National Bank of Henryetta, the bank on which said check had been drawn, and duly charged to the account of R. B. F. Hummer.

"That a considerable time thereafter, to wit: about one month, R. B. F. Hummer, the maker of said check, discovered that he had mailed the check to the wrong Ira Robertson, and that said check was not received and endorsed by the Ira Robertson to whom R. B. F. Hummer thought he was mailing said check; but in truth and in fact R. B. F. Hummer mailed said check to the Ira Robertson who lived at 608 East 8th St., and who wrongfully endorsed and received payment for said check from Jones Bros., and forged the name of the payee thereto.

"That R. B. F. Hummer, upon learning that he had mailed said check to the wrong Ira Robertson, and that it was cashed by the Ira Robertson to whom he had mailed it, placed said check in the First National Bank of Henryetta; and said First National Bank of Henryetta thereupon credited the account of R. B. F. Hummer with said $150, and returned the check through the ordinary course of clearing to the Citizens National Bank of Okmulgee, Oklahoma, defendant herein, who in turn charged it to the account of Jones Bros. Plaintiffs herein, and thereby deprived Jones Brothers of the said sum of $150.00.

"Dated this 17th day of October, 1919.
"M. A. Dennis,
"Attorneys for Plaintiffs.

"Moore & Noble,
"Attorneys for Defendant."

There are eight assignments of error in plaintiffs' petition in error, but the plaintiffs in their brief have grouped these assignments of error under four propositions, as follows:

"1. The drawer or maker of the check, Mr. R. B. F. Hummer, was, by reason of his own negligence, estopped from setting up the defense of forgery and was estopped and precluded from recovery from the drawee bank, First National Bank of Henryetta.

"2. The drawee bank, First National Bank of Henryetta, having paid the check and charged the same to the drawer's account, admitted the same to be correct, and was estopped from denying the genuineness of it and could not set up forgery.

"3. Therefore the Citizens National Bank of Okmulgee could not set up the defense of forgery.

"4. The Citizens National Bank of Okmulgee, being agent of plaintiffs, had no right or authority to return the money collected by it to the Henryetta Bank, or in any manner convert said sum of $150."

Under the first proposition plaintiffs in error argue that R. B. F. Hummer, by reason of his own negligence in the manner in which he mailed the check to Ira Robertson, would be estopped from setting up forgery, and cite in support thereof the cases of Emporia National Bank v. Shotwell (Kan.) 11 Pac. 141; Heavey v. Commercial National Bank (Utah) 75 Pac. 727; S. Weisberger Co. v. Barberton Savings Bank Co. (Ohio) 95 N. E. 379; Maloney v. Clark et al., 6 Kan. 82. An examination of these authorities shows that each of them presents a state of facts where by reason of some negligence of the drawer a check has been charged to his account upon a forged endorsement, and in an action by the drawer to recover the money so charged to his account by the drawee bank, the courts held, in each instance, that by reason of the plaintiffs' negligence, contributing to his loss, he was not entitled to recover. These holdings are in conformity with the general rule that where loss must fall upon one of two innocent parties, it must be paced upon the one whose negligence contributed thereto, but in the instant case the rights of the parties, as between the drawer and drawee of a check paid upon a forged endorsement, is not a proper question for consideration because the legal principles applicable in such a case are not applicable here. This is an action by a bona fide holder against his bank of deposit to recover the amount of a check collected by it for him upon a forged endorsement.

This brings us to a consideration of the second proposition argued by plaintiffs, that "the drawee bank having paid the check and charged the same to the drawer's account, admitted the same to be correct and was estopped from denying the genuineness of it and could not set up forgery." Under the second proposition plaintiffs reply on the case of Central National Bank of Washington v.

National Metropolitan Bank of Washington (Tenn.) 17 L. R. A. (N. S.) 520, and Farmers' & Merchants' Bank v. Bank of Rutherford (Tenn.) 88 S. W. 939. Both of these cases involve the right of the drawee bank, after having paid a forged check, to recover from the payee thereof the money so paid, and the holding in the above cases is in conformity with the general rule that the bank is chargeable with knowledge of the genuine signature of a depositor. and that by reason of such knowledge and the rule of law, it is estopped from relying upon such forgery as a ground for recovery.

Under the third proposition plaintiffs use the following language:

"It is quite clear, as shown in the agreed statement of facts, that Mr. Hummer is precluded from setting up the forgery or want of authority of the Ira Robertson, who negotiated the check, for he mailed the check to him after some correspondence, and intended that he should receive it at 608 East 8th St., Okmulgee, Oklahoma. It is equally clear that inasmuch as Mr. Hummer is precluded from setting up the right or authority on the part of Ira Robertson to endorse the said check, the Citizens National Bank of Okmulgee, defendant herein, cannot urge the forgery, It was not obliged to pay the money back to the drawee bank."

This reasoning is based upon a false premise. It assumes that the act of Hummer in mailing the check to 608 East 8th St., Okmulgee, constituted negligence on his part which would amount to an estoppel, and would preclude him from setting up the forged endorsement if he were a party to the action. His position in such an event would clearly depend upon a determination of a question of fact, and not upon any rule of law. Whether or not the Citizens National Bank of Okmulgee would be precluded from setting up forgery must depend upon whether the First National Bank of Henryetta would be so precluded under the facts shown by this record. That the drawee bank would not be precluded is determined by a reading of section 7732. Comp. Stats. 1921 (Rev. Laws 1910, sec. 4112).

"The acceptor, by accepting the instrument, engages that he will pay it according to the tenor of his acceptance, and admits:

"1st. The existence of the drawer, the genuineness of his signature, and his capacity and authority to draw the instrument; and

"2nd. The existence of the payee and his then capacity to endorse."

The statute does not place upon the drawee bank the burden of admitting that the signature of the payee is genuine, but only that of the drawer. It is further provided by section 7693, Comp. Stats. 1921 (Rev. Laws 1910, sec. 4073) as follows:

"Where a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument or to give a discharge therefor, or to enforce payment thereof against any party thereto. can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority"

That the Citizens National Bank of Okmulgee was obliged to repay the money to the drawee bank is in accordance with the generally accepted rule as laid down by both text-writers and courts. In R. C. L. vol. 3, p. 616, par. 244, it is said:

"Where the collecting bank endorses generally a check received by it for collection it thereby guarantees the authenticity of the prior endorsements, and in case such a prior endorsement is a forgery, it is liable to the drawee bank for the money paid to it by the latter." Citing First National Bank of Chicago v. Northwestern National Bank (Ill.) 38 N. E. 739; First National Bank of Minneapolis v. City National Bank of Holyoke (Mass.) 65 N. E. 24.

In Corpus Juris, vol. 7, p. 692, par. 420, the rule is announced that—A bank which pays out money on a forged endorsement may recover the same from the person who received the money, provided, of course, the bank has suffered some injury or loss in consequence of the forged endorsement, citing a number of cases.

In the case of Tilbby Bros. Glass Co. v. Farmer's Bank (Pa.) 69 Atl. 280, it is stated:

"Where checks drawn on other banks in favor of a depositor of a bank are cashed by it on forged endorsement, and it subsequently receives the amount of such checks from the drawee banks, the depositor cannot recover such money from the bank as money received for his use."

To the same effect are the following cases: Central Nat. Bank v. North River Bank. 44 Hun. (N. Y.) 114; First Nat. Bank v. Farmers & Merchants Bank (Neb.) 76 N. W. 430; Wellington Nat. Bank v. Robbins (Kan.) 81 Pac. 487; Peoples Bank v. Franklin Bank; (Tenn.) 125 S. W. 716; First Nat. Bank v. Northwestern Nat. Bank (Ill.) 38 N. E. 739; Harter v. Mechanics' Nat. Bank (N. J.) 44 Atl. 715.

An examination of the authorities cited and quoted by plaintiffs under the fourth proposition shows them to be inapplicable

for the reason that none of them deal with a case wherein a forged endorsement enters into the question of liability of the collecting bank to the drawee bank or to its own depositor. Since the conclusion reached under the third proposition is determinative of the question raised under the fourth proposition, further discussion and citation of authorities is deemed unnecessary.

Judgment of the trial court in favor of the defendant should be in all things affirmed.

By the Court: It is so ordered.