## HUMMELL v. BROWN.

No. 11918—Opinion Filed Nov. 20, 1923.

1. **Replevin — Action by Transferee for Possession of Mortgaged Chattels — Defenses.**
Where the transferee of certain notes, secured by chattel mortgage, brings a replevin suit for the property described in the mortgage, for the purpose of foreclosure, and the note or notes have not been transferred by indorsement as provided in sections 7700 and 7701, Comp. Stat. 1921, the defendant may interpose the same defense against the transferee as might have been interposed against the transferrer, as to any note not so endorsed.

2. **Same — Question of Innocent Holder of Note — Burden of Proof.**
Where an action in replevin for specific personal property is based upon promissory notes, and a chattel mortgage securing the same, held by the plaintiff as the transferee thereof; and the defendant interposes the defense that there was a defect and infirmity in the title of plaintiff's transferrer thereto; and defendant's evidence tends reasonably to support such defense, the burden is upon the plaintiff to show that he is an innocent holder of such instrument, and the same constitutes a question of fact for the jury.

3. **Same — Directed Verdict — Reversal.**
Record examined, and held, that the defendant's evidence tended to show a defect in the title to plaintiff's transferrer to the instruments relied upon, and was sufficient to shift the burden to the plaintiff to show that he was an innocent holder; and that the trial court erred in directing a verdict for the plaintiff, requiring the reversal of

the judgment for plaintiff entered upon the directed verdict.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from Superior Court, Tulsa County; L. J. Martin, Judge.

Action by E. M. Brown against Helen F. Hummell, in replevin, to recover possession of certain personal property in which plaintiff claimed a special ownership by reason of a certain chattel mortgage executed by defendant to secure the payment of certain promissory notes of defendant which had not been paid. Verdict of the jury, directed by the court, for plaintiff, and judgment entered thereon. Defendant appeals. Reversed.

Lashley & Rambo, for plaintiff in error.

C. E. Baldwin and M. C. Spradling, for defendant in error.

Opinion by SHACKELFORD, C. The parties to this action will be referred to herein as plaintiff and defendant, as they appeared in the trial court.

The action was commenced by the plaintiff against the defendant on the 2nd of July, 1919. The action is a suit in replevin, for the purpose of obtaining possession of certain personal property in which the plaintiff claimed a special ownership because of a certain chattel mortgage executed by defendant in favor of one Charles P. Yadon, to secure the payment of a number of promissory notes, executed by defendant to the said Yadon, aggregating the sum of $600. Copies of the chattel mortgage and notes are attached to the petition. The plaintiff alleged the sale and transfer of the instruments sued on, by Charles P. Yadon to plaintiff; and ownership in plaintiff at the time of bringing the suit. The petition of plaintiff as to the transfer of ownership of the instruments sued on alleges:

"That thereafter the plaintiff herein, E. M. Brown, for a good and valuable consideration, purchased said notes and mortgage, prior to June 6, 1919, which was before any of said notes secured by said mortgage had become due; that the plaintiff herein has made due demand from the defendant for payment on the first note and all of said notes; but that payment has been refused; that by provisions of said mortgage hereinafter mentioned it is provided that in the event of default in the payment of any one of said notes as set out in said mortgage, then and in that event all of the balance of said notes becomes due and payable."

At the time of filing the petition the plaintiff also filed an affidavit in replevin and replevin bond, and process was duly issued and served, and the defendant made a redelivery bond and retained possession of the property. In due course the defendant appeared and filed a general denial by way of answer.

An examination of the instruments sued on discloses that they were dated May 6, 1919, the first note being due June 6, 1919; and the notes following in their order falling due on the 6th of each succeeding month thereafter. There was a provision in the chattel mortgage that in default of payment of any one of the notes all may be declared to be due and payable at the option of the mortgagee, and the mortgagee shall have the right to the immediate possession of the mortgaged property. The suit was filed after default in payment of the first note of the series, and before the second note fell due. All of the series of notes were made payable to the order of Charles P. Yadon. The first one of the series bears the notation upon the back thereof as follows:

"5-21-19. Pay to E. M. Brown."

All the others of the series bear the following indorsement:

"5-21-19. Pay to the order of E. M. Brown. Charles P. Yadon."

The right of the plaintiff to have foreclosure of the mortgage for the aggregate debt was acquired by reason of the default of the payor upon the first of the series of notes.

The cause was tried to a jury on June 1, 1920. In the statement of the cause to the jury, the defendant interposed the defense to plaintiff's action that there was an infirmity in the instruments sued on; and that the title thereto was defective in the plaintiff because of the fact that the notes and mortgage sued on by plaintiff were acquired by the payee, Charles P. Yadon, by reason of fraud and misrepresentation upon the part of such payee and upon the part of his agent, a man by the name of Miller; and that there was a failure of consideration for which the notes were given; and that the plaintiff knew at the time he bought the instruments of the wrong perpetrated by the payee and his agent, Miller; and the failure of consideration; and of the infirmity and defect in the title of the payee. No objection was made to the interposing of such defense, because of the insufficiency of the pleadings or otherwise. The plaintiff introduced the notes and mortgage, and after a long direct and cross-examination, the plaintiff rested his case.

The evidence offered by way of defense tended to prove that one Miller was the

agent of Charles P. Yadon, the payee named in the notes, and the mortgagee named in the mortgage on which the plaintiff relied, and as such, he approached the plaintiff to sell her a certain lot of hotel equipment located in the town of Keifer, in a place known as the Francis Hotel; and represented to her that the place was being operated by a Mrs. Porter, and that Mrs. Porter was making $400 per month clear in the operation of the hotel; and that plaintiff could take charge of it and make it pay $500 per month clear profit; that Miller detailed to her the specific property in the Francis Hotel, and told her that it was in good condition, and that there was nothing to be added to step into the Francis Hotel and go to doing a successful hotel business and make around $500 per month clear of all expenses; that Miller and the defendant went to Keifer to look the property over, but when they got there Miller hurried away, telling her that he would warrant that the stuff was there and just as represented; that in making the deal the defendant would be dealing with Mrs. Porter, the owner of the property who wanted to quit the hotel business; that defendant knew practically nothing about hotel properties, and relied upon the representations made to her by Miller as to the articles of property and their condition, and the amount of clear profit being made by Mrs. Porter, and what defendant could probably make if she would take charge; that based upon the representations of Miller, defendant concluded that she would deal for the property if proper arrangements could be made to finance the same; that Miller represented to her that Charles P. Yadon would lend financial assistance to her, and she and Miller went to Yadon's place of business and she made the notes and mortgage to secure the payment of the sum of $600, the mortgage being given on her own property in the town of Tulsa; that she then found that Charles P. Yadon was the owner of the Keifer hotel property by reason of a bill of sale conveying the same from Mrs. Porter to Yadon, and which bill of sale was transferred and assigned by Yadon to the defendant, after the notes and mortgage had been executed to him; that defendant went to Keifer to take charge of the Francis Hotel and on doing so found that much of the property had been taken away and was not there, as was represented to her; that much of it that remained was dilapidated, old, worn, and useless; that she found some of the rooms had no furniture at all in them and that she would have to refurnish the hotel in part; that she found that Mrs. Porter had not been making a profit in operating the

place, and after trial found that she could not only not make money, but that she could keep the place open only by sustaining a loss of several dollars a day, and had to abandon the project. There was other testimony on the part of the defendant along the same line, but the foregoing is enough recited to show the trend of it.

At the conclusion of all the evidence the court, over the objection and exception of defendant, sustained a motion for a directed verdict for the plaintiff, on the theory, as it appears, that the testimony offered was not a defense to the notes and mortgage as between defendant and the assignee of Yadon, said assignee having bought the notes before any of them were due, and that the burden was on the defendant to bring home to the plaintiff knowledge of the conditions under which Yadon secured the notes and mortgage, before she could have her cause submitted to the jury. Judgment was entered for the plaintiff upon the directed verdict, and the defendant prosecutes this appeal.

Several propositions are presented upon which the defendant relies for a reversal of the judgment. Among others are:

"(1)  That the plaintiff was not a holder of the notes in due course of business, without notice of defenses and defects in the title, and that defenses as against Yadon are valid defenses as against his assignee.

"(2)  That when proof offered upon the part of the defendant tended to show a defect in the title to the notes, as between the defendant and the payee, Charles P. Yadon, then the burden of proof shifted to the plaintiff, Yadon's assignee, to show that he was an innocent holder in due course of business for a valuable consideration, and that he acquired title thereto before maturity and without notice of defenses; and that whether or not he was an innocent holder was a question of fact for the jury."

It will be necessary for us to examine these two propositions only to properly dispose of this appeal.

Upon consideration of the first proposition, we find that the plaintiff, in his petition, nowhere alleged that he was an innocent holder in due course; and an examination of his exhibits shows that the note number one was never negotiated to him, as required by the statute, by the indorsement thereon by the payee. That, in fact, if he became the owner of the note he became so by delivery only. The negotiable instrument statutes of Oklahoma are Comp. Stat. 1921, section 7700:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder completed by delivery."

Section 7701: "The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement."

Section 7719: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferrer had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferrer. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made."

Section 7722: "A holder in due course is a holder who has taken the instrument under the following conditions: First. That it is complete and regular upon its face; Second. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; Third. That he took it in good faith and for value; Fourth. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

From these statutes we conclude that the plaintiff was not a holder in due course of at least the first one of the series of notes. He could not maintain a claim upon this note that he was an innocent holder for value and without notice, so that a defense as against the payee could not be made as against him. Any valid defense that the payor had as against the payee, was a valid defense as against the transferee of the first note, no difference how innocent a holder the transferee might be; because the negotiation and transfer of that note does not come within the law enacted for the benefit of innocent holders of negotiable instruments. The defense offered by the payor to the one note was enough to have taken the case to the jury. It is insisted by the defendant that the rights claimed by the plaintiff must of necessity all be based upon the default upon the first note, and that, therefore, the same rule should apply to all the notes; but we find it unnecessary to at this time pass upon that proposition, so we express no opinion upon that point.

Upon the second proposition, Comp. Stat. 1921, provides where the burden of proof shall lie. It is provided as follows:

Section 7729: "Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove he or some person under whom he claims acquired the title as a holder in due course. But, the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

Comp. Stat. 1921, provides when the title is defective in any person who negotiates an instrument:

Section 1725: "The title of a person who negotiates an instrument is defective within the meaning of this chapter, when he obtained the instrument, or any signature thereto by fraud, duress, or force and fear, or other unlawful means or for an illegal consideration, or when he negotiates it in breach of faith or under such circumstances as amount to fraud."

This law, applied to this case, means that the indorsement and transfer, being regular upon the notes held by plaintiff, he is deemed, prima facie, to be a holder in due course; but, when the title of the payee is attacked, and evidence offered tending to show a defect or infirmity in the title of the payee Charles P. Yadon, the burden then shifts to the transferee to show that he is a holder in due course; and the same constitutes a question of fact rather than a question of law, and should be sent to the jury to determine.

We have carefully examined the record in this case, and have concluded that the evidence offered on the part of the defendant sufficiently supported her defense, that there was a defect in the title of Charles P. Yadon, to the instruments relied upon by plaintiff, and was sufficient to shift the burden to the plaintiff to show that he was a holder in due course, creating a question of fact requiring the submission of the question to the jury.

We recommend that the judgment of the trial court be reversed and the cause remanded to the superior court of Tulsa county with directions to grant the defendant a new trial, and to further proceed in accordance with the views herein expressed.

By the Court: It is so ordered.