### YOUNG et al. v. HEMBREE.

No. 27401.   Nov. 9, 1937.

Sid White, for plaintiffs in error.

O. E. Siler, for defendant in error.

HURST, J. This is a suit on a check. Defendant orally agreed to loan Horn and Faulkner a sum of money to "help them out in some oil drilling," and they agreed to issue to him "some trust stock that would guarantee the repayment." Defendant then wrote a check and designated "Horn & Faulkner Oil Trust" payee as directed by them. The next day defendant stopped payment on the check before it was presented to the bank. The stock was never delivered and the drilling operations proceeded only as far as the cement foundation.

The check, without being presented for payment, was then indorsed "Horn & Faulkner, by L. H. Horn," and delivered to plaintiff in part payment for labor and materials furnished to "Horn & Faulkner Oil Trust." Plaintiff made no investigation regarding the check when he received it, but there was nothing on its face to indicate payment had been stopped. After two unsuccessful attempts to cash it, he brought this action. Judgment was rendered for plaintiff, and the defendant, the maker of the check, brings this appeal.

The first question is whether plaintiff is a holder in due course. In order to be a holder in due course, where the instrument is payable "to order," plaintiff must plead and prove that the check was indorsed by the payee. Where the indorsement is not proved to be that of the payee, or where there is no indorsement at all, plaintiff takes, not as an innocent purchaser, but subject to the defenses that might have been interposed against the payee. Phelps v. Womack (1917) 66 Okla. 111, 167 P. 478; Gault v. Kane (1915) 44 Okla. 763, 145 P. 1128; Hummell v. Brown (1923) 93 Okla. 256, 221 P. 738.

Plaintiff does not question the correctness of this rule, but claims that there is no absolute rule as to what form the indorsement must take (8 C. J. 352, sec. 531), and that the signature "Horn & Faulkner, by L. H. Horn" is a sufficient indorsement of "Horn & Faulkner Oil Trust." But on its face, the indorsement is not that of the payee, and there is no evidence in the record to show that they are one and the same firm or legal entity.

Plaintiff further claims that "Horn & Faulkner Oil Trust" was a fictitious name, which fact was known to defendant, and therefore the check will be considered payable to bearer (section 11308, O. S. 1931) and requires no indorsement to constitute the transferee a holder in due course. But a fictitious payee is where none in fact exists. There is no evidence that the Oil Trust was in fact fictitious. Both Horn and Faulkner were actual persons known to the defendant. If there are actual persons or a firm who have chosen the name "Horn & Faulkner Oil Trust" to designate themselves in a particular enterprise, the use of that name as payee is not fictitious. Edgerton v. Preston (1884) 15 Ill. App. 23. Therefore, plaintiff is not a holder in due course, and the defenses which would be interposed against the payee apply with equal force against this plaintiff.

The action here is on the check, upon which payment had been stopped. A check is merely an order to pay money, and the maker has the right to stop payment. 5 R. C. L. 526, sec. 46. The bank must respect the order stopping payment, but that does not destroy the contractual liability that may exist between the maker and the payee. Bond v. Krugg (1925) 115 Okla. 222, 242 P. 559. The only contract in this case, pursuant to which the check was originally given, was an agreement by the defendant to loan money to the payee. There is no contractual liability on defendant to loan money to plaintiff, the indorsee, and plaintiff does not claim any by reason of the transfer of the check to him. He does not seek a loan of money, or damages for the breach of a contract to loan money. Since defendant stopped payment, he is not liable on the instrument itself.

The judgment is therefore reversed, with directions to enter judgment in favor of the defendant.

OSBORN, C. J., and RILEY, CORN, and GIBSON, JJ., concur.