**WHITE**

v.

**CITY NAT. BANK OF NORMAN et al.**

No. 35497.

Supreme Court of Oklahoma.

Feb. 2, 1954.

Rehearing Denied June 15, 1954.

Ross N. Lillard, Wayne E. Wheeling, Thad Klutts, Oklahoma City, for plaintiff in error.

Monnet, Hayes & Bullis, Oklahoma City, for defendant in error Liberty Nat. Bank of Oklahoma City.

T. R. Benedum, Norman, for defendant in error City Nat. Bank of Norman.

## PER CURIAM.

This is a suit to recover a money judgment on a cashier's check. The check was dated January 15, 1951, and was issued by The Liberty National Bank, of Oklahoma City, Oklahoma, to Martin Towell. Plaintiff alleged in his petition that he acquired ownership of the check after it had been duly endorsed by Martin Towell. The testimony revealed that plaintiff acquired ownership of the check from Howard McCormack, but the check was not endorsed by McCormack. The plaintiff, Jack White, endorsed the check under the endorsement of City Produce Co., and deposited it in The City National Bank of Norman, Oklahoma, on January 17, 1951. On May 17, 1951, the cashier's check was returned by The Liberty National Bank of Oklahoma City, Oklahoma, to The City National Bank of Norman, Oklahoma, and was charged against that bank. The Norman bank then charged the check against the account of the plaintiff. Plaintiff thereafter instituted this action in the District Court of Cleveland County, Oklahoma, alleging ownership of the cashier's check through the endorsement of the payee, Martin Towell, and the defendants and each of them filed verified answers containing general denials, containing an express denial that the check was endorsed by the payee, and a further defense that the endorsement of the payee was a forgery. To these answers, the plaintiff filed a general denial reply. The case was thereafter tried to the Court on December 12, 1951, at which time the plaintiff offered in evidence the check, and testified as to how ownership had been acquired, but no evidence was offered by the plaintiff as to the execution or genuineness of the endorsement of Martin Towell, the payee. At the close of plaintiff's testimony, plaintiff rested. Whereupon, both defendants demurred to the evidence. Whereupon, the Court announced that he was of the opinion that the verified denials made it incumbent upon the plaintiff to prove the genuineness of the endorsement and the delivery of the check. Plaintiff asked to reopen the case to offer additional evidence, and the Court recessed until 2:00 o'clock, at which time the Court inquired if the plaintiff had additional testimony to offer, and upon the plaintiff's statement that he had no testimony available at that time, the Court entered judgment sustaining the demurrers of each of the defendants, and entered judgment for the defendants. From the judgment in favor of the defendants, the plaintiff, the averred owner and holder of the check, brings this appeal.

1. The first question is whether the filing of the verified answers by the defendants, denying the execution of the endorsement by the payee, denying delivery, and alleging that the endorsement of the payee was a forgery, made it incumbent upon the plaintiff to prove by a preponderance of the evidence the genuineness of the endorsement and of the delivery. This Court has held that the filing of a verified answer in such a case placed the burden of

proof upon the plaintiff to show that the endorsement by the payee had been made, and that the title to the said check was thus placed in the plaintiff. In Lambert v. Harrison, 69 Okl. 172, 171 P. 45, 47, this rule was laid down as follows:

"The verified answer denied the assignment of the note, and this placed the burden of proof upon the plaintiff to show that said indorsement to the plaintiff had been made, and that the title to said note was thus placed in the plaintiff. Moore v. Leigh-Head & Co., 48 Okl. 228, 149 P. 1129. The plaintiff having failed to discharge the burden upon him as to proof of the indorsement by not offering any evidence even tending to show the execution of the indorsement of the note to the plaintiff, the evidence was insufficient to entitle the plaintiff to a judgment, and the court committed reversible error in overruling a motion for a new trial based upon the insufficiency of the evidence."

The fact that in that case the question of the insufficiency of the plaintiff's proof was raised on a motion for new trial and not by a demurrer to the evidence as in our case at hand is of no consequence, since the Court indicated that if the insufficiency of the evidence had been challenged by a demurrer that it should have been sustained. An unverified general denial by the defendants in this case would not have made it incumbent upon the plaintiff to offer such evidence as to the endorsement, but the statutes of the State of Oklahoma, under pleadings, set out that a verified denial raises the issue as to the execution of endorsements. Title 12 § 286, provides as follows:

"In all actions, allegations of the execution of written instruments and endorsements thereon of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney. R.L.1910, § 4759."

■ Verified answers having been filed by each of the defendants denying not only the execution of the endorsement of the payee, but also denying delivery, and further alleging that the signature of the payee was a forgery, issue was thereupon joined, and the burden was upon the plaintiff to prove the allegations of his petition. His failure to offer any evidence as to the endorsement of the payee rendered his evidence insufficient and he failed to prove by a preponderance of the evidence his ownership of the cashier's check as alleged in his petition and as required by law. His failure to offer such evidence and to sustain his burden of proof when he rested his case, left the trial court no alternative but to sustain the demurrer of each of the defendants and to enter judgment for each of the defendants.

■ 2. The owner and holder of a check under a forged endorsement acquires no right to enforce payment thereof against any party thereto. Section 43, Title 48, Okl.St.Ann., the same being a part of our Negotiable Instruments Law, provides as follows:

"Where a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority. R.L.1910, § 4073."

Under this statute, when this defense is interposed by verified answers, it becomes a prerequisite for the plaintiff to prove the genuineness of the endorsement of the payee before he acquires any rights against the maker upon which he can recover, since under the provisions of the statute if the endorsement is a forgery, he has no ownership and no rights whatsoever. Under our procedure, the burden was upon him when issue had been joined by general denial, to assume the burden of proof as to the en-

dorsement, and upon the allegation of forgery in a verified answer, under the terms of the above statute, it was incumbent upon him to prove the genuineness of the endorsement and of the facts of the delivery of the check to him. This he wholly failed to do. The check was not endorsed by the person from whom he testifies that he acquired title. This was not a prerequisite to his right to recover, but there is no evidence that he made any investigation as to whether or not the payee of the cashier's check actually endorsed the same. Certainly the verified answers of the defendants should have placed the plaintiff upon notice of the necessity of securing such evidence and making such proof at the trial of the case. The fact that he did not acquire ownership directly from the payee, and the fact that the person from whom he alleges he acquired ownership, did not even. endorse the same, is a further circumstance which should have placed him upon notice, especially after the issue of forgery had been raised. In any event, the burden was upon him to prove the genuineness of the endorsement and this he wholly failed to do. *Plaintiff contends that he is a holder in due course, and that he made a prima facie case when he offered his check in evidence and rested. In the case of an unverified general denial, this situation probably would be true, but in the case where a verified answer is filed, containing an allegation of forgery, the burden is upon the plaintiff, and he is not a holder in due course nor has he made a prima facie case until he has sustained the burden of proof required by him as to the genuineness of the endorsement. The statute herein cited that no rights are acquired under a forged signature unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority. Nothing was shown in this case which would preclude either of the defendants from setting up this defense. It is true that the defendants waited a considerable length of time before charging the check back, but this alone would not be sufficient to preclude the defendants from asserting such a right. Our Court, in the case of Jones Bros. v. Citizens' Nat. Bank of Okmulgee, 106 Okl. 162, 233 P. 472, held as follows:

"A drawee bank which pays a check bearing indorsements does not admit the genuineness of such indorsements, and, if any such indorsement is forged, it may recover from the one receiving payment the amount so paid.

"A bank receiving a check for collection and crediting depositor's account with amount thereof, upon discovering that a prior indorsement is forged, may charge off the deposit so entered."

Plaintiff could not be a holder in due course, nor could he contend that he had made a prima facie case until he had proved the genuineness of the endorsement of the payee. Our Court, in the case of Young v. Hembree, 181 Okl. 202, 73 P.2d 393, 394, held as follows:

"The first question is whether plaintiff is a holder in due course. In order to be a holder in due course, where the instrument is payable 'to order,' plaintiff must plead and prove that the check was indorsed by the payee. Where the indorsement is not proved to be that of the payee, or where there is no indorsement at all, plaintiff takes not as an innocent purchaser, but subject to the defenses that might have been interposed against the payee. Phelps v. Womack (1917) 66 Okl. 111, 167 P. 478; Gault v. Kane (1915) 44 Okl. 763, 145 P. 1128; Hummell v. Brown (1923) 93 Okl. 256, 221 P. 738. Plaintiff does not question the correctness of this rule, but claims that there is no absolute rule as to what form the indorsement must take (8 C.J. 352, § 531), and that the signature, 'Horn & Faulkner, by L. H. Horn,' is a sufficient indorsement of 'Horn & Faulkner Oil Trust.' But on its face, the indorsement is not that of the payee, and there is no evidence in the record to show that they are one and the same firm or legal entity."

■ 3. The last question to be decided is whether or not the Trial Court abused its discretion in denying the plaintiff the

right to reopen his case and to present additional evidence. In a trial of a cause by the Court, a request to reopen a case for the introduction of additional proof, is addressed largely to the discretion of the Trial Court, and its ruling thereon will not be disturbed by this Court unless it clearly appears that the trial court abused its discretion. Record examined and no abuse of discretion found by reason of the Court's refusal to allow case to be reopened for additional evidence.

■ In the case at hand, there was no showing that the plaintiff had used diligence to have such testimony available, and in fact, he rested his case without sustaining the burden of proof required by him in such respect. The Trial Court withheld ruling on the demurrers for some period of time to allow such testimony to be secured, and only upon the statement of counsel that such testimony could not be secured until the following day did the Trial Court enter judgment for the defendants after sustaining the demurrers of the defendants. The plaintiff made no statement to the Court as to what additional evidence would have been offered, made no showing that diligence had been used to secure the attendance of witnesses, and the offer of proof in support of a motion for new trial was a negative offer of proof which would not have sustained the burden of proof required of the plaintiff had such testimony been offered at the trial. In the case of City of Mangum v. Brownlee, 181 Okl. 515, 75 P. 2d 174, our Court held as follows:

"The right of a party to reopen a case for purpose of introducing additional testimony rests in sound discretion of trial court.

"The denial of a motion to reopen a case for purpose of introducing additional testimony is not an abuse of discretion, where party has failed to use due diligence to procure testimony before resting his case."

There was no showing in this case that due diligence had been used to secure such testimony, and the record does not disclose that there was any abuse of discretion by the Trial Court in overruling the request of the plaintiff to reopen the case for the purpose of introducing additional testimony.

The judgment of the Trial Court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL and BLACKBIRD, JJ., concur.

This Court acknowledges the services of attorneys Finis C. Gillespie, Everett M. Arney and Clayton Carder, who as special masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.